UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| PERRY W. CADUE,<br><br>              Petitioner,<br><br>    v.<br><br>JASON ELLIS, Warden,<br><br>              Respondent. | Case No. 1:14-cv-00177-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner Perry W. Cadue's Petition for Writ of Habeas Corpus. (Dkt. 3.) Respondent has filed a Motion for Summary Dismissal, contending that Petitioner's claims are procedurally defaulted, and the motion is now ripe for adjudication. (Dkt. 25, 31, 34.) Additionally, Petitioner has asked the Court to reconsider its previous denial of his request for appointment of counsel.

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 17.) Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is not necessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order denying Petitioner's Motion to

**MEMORANDUM DECISION AND ORDER - 1**

Reconsider the denial of his request for appointment of counsel, granting Respondent's

Motion for Summary Dismissal, and dismissing this case with prejudice.

## BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in

*Cadue v. State*, Case No. 40286, Op. 352 (Idaho Ct. App. Feb. 6, 2014) (unpublished),

which is contained in the record at State's Lodging D-7. The facts will not be repeated

here except as necessary to explain the Court's decision.

Petitioner was convicted by a jury in the Fifth Judicial District in Twin Falls

County, Idaho, of aggravated battery stemming from a fight in which the victim was

"severely and permanently injured." (State's Lodging A-1 at 181; A-2 at 255-59, 413-17;

D-7 at 1.) He was sentenced to fifteen years in prison with ten years fixed. (*Id*. at 415.)

Petitioner's motion for reduction of sentence, filed pursuant to Idaho Criminal Rule 35,

was denied. (State's Lodging A-2 at 270-72, 419-26.) Petitioner filed a direct appeal,

arguing that his sentence was excessive under Idaho law. (State's Lodging B-1.) The

Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. (State's

Lodging B-4; B-6.)

Petitioner then filed a state postconviction petition, alleging multiple claims of

ineffective assistance of counsel. (State's Lodging C-1 at 4-23.) Petitioner was appointed

counsel, and, after a hearing on the state's motion to dismiss, the trial court dismissed the

postconviction petition. (State's Lodging C-1 at 99-100, 267-73.) Petitioner appealed the

dismissal, raising three issues: (1) "Whether the district court [erred] in granting motion

for summary disposition [and] improperly decided disputed factual issues"; (2) "whether

**MEMORANDUM DECISION AND ORDER - 2**

[Petitioner's] factual allegations of ineffective assistance of trial counsel, due process, raised a material issue under the Sixth and Fourteenth Amendment"; and (3) "whether conflict counsel that was appointed to represent [Petitioner's] postconviction petition was ineffective to proceed with only (30) days to vigorous [sic] advocate, defend, [and] litigate by establishing the facts and events of his individual claim(s)." (State's Lodging D-3 at 3.)

Within the context of these three general issues, Petitioner's appellate briefing specifically argued that trial counsel did not allow Petitioner to testify on his own behalf. Petitioner stated he would have testified that the victim threw the first punches and that the victim had a knife, thus causing Petitioner to fear for his life. (*Id*. at 8.) Petitioner also argued that trial counsel should have filed a motion to compel the production of the victim's knife and that counsel failed to obtain a police report—which the state has consistently maintained never existed—purportedly prepared by one of the police officers who responded to the incident. (*Id*. at 8-11.) Finally, Petitioner asserted that his postconviction counsel was not adequately prepared. (*Id*. at 12-15.)

The Idaho Court of Appeals upheld the trial court's dismissal of the postconviction petition, holding that trial counsel's "clear advice" to Petitioner that he ought not to testify was a reasonable strategic decision. (State's Lodging D-7 at 5.) The court did not accept Petitioner's claim that counsel actually prevented him from testifying; rather, the court of appeals found that defense counsel's advice to Petitioner not to take the stand was based on the fact that, had Petitioner testified, the state could potentially have cross-

**MEMORANDUM DECISION AND ORDER - 3**

examined him "regarding a prior fight [Petitioner] was involved in that resulted in the death of the victim." (*Id*. at 5 n.1.) Petitioner simply took counsel's good advice.

The Idaho Court of Appeals also held that trial counsel's failure to move to compel the production of the victim's knife did not constitute ineffective assistance of counsel, because "[e]vidence of the knife's existence was presented at trial"—through the victim himself as well as other witnesses. (*Id*. at 6-7.) The jury knew that the victim had a knife, and therefore Petitioner failed to demonstrate any prejudice from trial counsel's failure to file a motion to compel because any such motion would have been denied. Further, Petitioner had not established that the state had possession of the knife.

With respect to the supposed police report, the court of appeals held that trial counsel was not ineffective for failing to obtain it because there was insufficient evidence that such a report even existed. (*Id*. at 5-6.) Finally, the Idaho Court of Appeals did not address Petitioner's argument that his postconviction counsel was ineffective, presumably because that claim was not—and indeed, could not have been—presented in the postconviction petition. (*See* D-5 at 10-11; D-7.)

Petitioner filed a petition for review with the Idaho Supreme Court. (State's Lodging D-8.) However, Petitioner argued only that his postconviction attorneys rendered ineffective assistance, that the judge's ruling on the postconviction petition was biased, and that Petitioner should have received an evidentiary hearing on the petition. (State's Lodging D-9 at 2-5.) Although Petitioner discussed his trial counsel's alleged refusal to let Petitioner testify at trial, Petitioner set forth this discussion as support for his independent claim that his postconviction attorneys were ineffective. (*Id*. at 3-6.) The

**MEMORANDUM DECISION AND ORDER - 4**

Idaho Supreme Court denied the petition for review without substantive comment. (State's Lodging D-10.)

While Petitioner's initial state postconviction petition was still pending, he filed a successive petition for state postconviction relief. (State's Lodging E-1 at 10-17.) The petition once again raised numerous ineffective assistance of counsel claims, as well as a claim that the prosecutor withheld favorable evidence from the defense. (*Id*.) The state district court denied Petitioner's motion for appointment of counsel. (*Id*. at 396-99.) The court also notified Petitioner that it intended to dismiss the successive petition as untimely or improperly filed without "sufficient reason" under Idaho Code §§ 19-4902 and 19-4908. (*Id*. at 399-401.) After Petitioner filed a response to the notice of intent to dismiss, the trial court dismissed the successive petition.

Petitioner appealed the dismissal of his successive postconviction petition, arguing that his motion for appointment of counsel should have been granted and that, based on the allegedly inadequate representation by his initial postconviction review attorneys, he had sufficient reason to file a successive petition. (State's Lodging F-3.) The Idaho Court of Appeals affirmed. The court held that the successive postconviction petition was improper because Petitioner had not shown a "sufficient reason," under Idaho Code § 19-4908 why the claims in the successive petition could not have been brought in the initial postconviction petition. (State's Lodging F-6 at 3.) The court of appeals also affirmed the district court's denial of appointment of counsel. (*Id*. at 3-4.) The Idaho Supreme Court denied review. (State's Lodging F-9.)

**MEMORANDUM DECISION AND ORDER - 5**

Because Petitioner filed the instant federal habeas petition before the completion of his successive state postconviction proceedings, the Court stayed the case pending the Idaho courts' disposition of those proceedings. This case has since been reopened.

The Court previously construed the instant federal habeas corpus petition as asserting the following claims, and Petitioner has not objected to that construction:

Claim 1.1:      Ineffective assistance of trial counsel based on counsel's alleged failure to conduct discovery.

Claim 1.2:      Failure of the prosecution to produce exculpatory evidence.

Claim 1.3:      Failure of the prosecution to correct false or misleading testimony.

Claim 1.4:      Ineffective assistance of trial counsel based on counsel's alleged failure to object to the prosecution's introduction of hearsay statements of non-testifying witnesses.

Claim 1.5:      Ineffective assistance of trial counsel based on counsel's alleged failure to object to inadmissible evidence.

Claim 1.6:      Ineffective assistance of trial counsel based on counsel's alleged failure to raise the issue of self-defense or to produce evidence in support of a self-defense theory.

Claim 1.7:      Ineffective assistance of trial counsel based on counsel's alleged failure to acquire evidence or locate witnesses regarding the chain of custody of certain evidence.

Claim 1.8:      Ineffective assistance of trial counsel based on counsel's alleged failure to prepare for trial.

Claim 2.1:      Failure of the prosecution to disclose exculpatory material, a restatement of Claim 1.2.

**MEMORANDUM DECISION AND ORDER - 6**

Claim 2.2:          Ineffective assistance of trial counsel based on
                    counsel's alleged failure to file pretrial motions.

Claim 2.3:          Ineffective assistance of trial counsel based on
                    counsel's alleged failure to consult with Petitioner.

Claim 2.4:          Ineffective assistance of trial counsel based on
                    counsel's alleged failure to prepare for trial, a
                    restatement of Claim 1.8.

Claim 2.5:          Ineffective assistance of trial counsel based on
                    counsel's alleged failure to conduct discovery, a
                    restatement of Claim 1.1.

Claim 2.6:          Ineffective assistance of trial counsel based on
                    counsel's alleged failure to meet with Petitioner to
                    discuss a self-defense theory or any other defense
                    strategy, a restatement or clarification of Claim 1.6.

Claim 2.7:          Ineffective assistance of trial counsel based on
                    counsel's alleged failure to call witnesses to testify in
                    favor of Petitioner or to question witnesses who did
                    testify.

Claim 2.8:          Ineffective assistance of trial counsel based on
                    counsel's alleged failure to discuss with Petitioner the
                    evidence offered by the prosecution.

Claim 2.9:          Ineffective assistance of trial counsel based on
                    counsel's alleged decision to aid the prosecution in
                    preparing jury instructions.

Claim 2.10:         Ineffective assistance of trial counsel based on
                    counsel's alleged failure to "offer a self-defense alibi"
                    or to allow Petitioner to testify.

Claim 2.11:         Ineffective assistance of trial counsel based on
                    counsel's alleged failure to move for a mistrial.

Claim 2.12:         Ineffective assistance of trial counsel based on
                    counsel's alleged failure to develop evidence relevant
                    to Petitioner's state of mind at the time of the offense.

**MEMORANDUM DECISION AND ORDER - 7**

Claim 2.13:   Conflict of interest involving Petitioner's counsel.

Claim 2.14:   Ineffective assistance of trial counsel based on counsel's alleged failure to correct or object to information in the pre-sentence investigation report.

Claim 2.15:   Ineffective assistance of trial counsel based on counsel's alleged failure to review 15 pages of documents prepared by Petitioner.

Claim 2.16:   Ineffective assistance of trial counsel based on counsel's alleged failure to review 31 pages of documents prepared by Petitioner with respect to Petitioner's motion for a new trial.

Claim 2.17:   Ineffective assistance of direct appeal counsel based on counsel's alleged failure to raise issues identified by Petitioner.

Claim 2.18:   Ineffective assistance of court-appointed postconviction counsel.

(Pet., Dkt. 3; *see also* Initial Review Order, Dkt. 14.) Thus, Petitioner asserts five broad categories of claims: (1) a claim under *Brady v. Maryland*, 373 U.S. 83 (1963), that the prosecutor withheld evidence and that the prosecutor failed to correct false testimony; (2) claims of ineffective assistance of trial counsel; (3) a claim of ineffective assistance of direct appeal counsel; (4) a claim of ineffective assistance of postconviction counsel; and (5) a claim of attorney conflict of interest.

## PETITIONER'S MOTION TO RECONSIDER
## DENIAL OF REQUEST FOR APPOINTMENT OF COUNSEL

The Court previously denied Petitioner's second request for counsel, noting that "[p]resently, neither discovery nor an evidentiary hearing is required, and Petitioner has been able to protect his interests to date with his pro se filings." (Dkt. 30 at 2.) *See* Rules

**MEMORANDUM DECISION AND ORDER - 8**

6(a) & 8(c) of the Rules Governing Section 2254 Cases; *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The Court does not find any reason to reconsider that decision. At this point in the litigation, the Court must address a narrow procedural issue—whether Petitioner properly presented his federal claims to the Idaho Supreme Court and whether, if he did not, cause and prejudice (or actual innocence) exists to excuse that failure—for which appointment of counsel is not required. Further, it appears from Petitioner's filings that he has been able to adequately bring his claims and protect his interests to date. The Court understands that Petitioner does not have legal training or legal resources. Therefore, the Court independently reviews the case citations and references provided by the state for accuracy and applicability. The Court also does its own research to determine whether other cases not cited by the State apply. Finally, the appellate review process before the United States Court of Appeals for the Ninth Circuit is available to ensure that the case has been adjudicated according to the proper legal standards. For these reasons, the Court will deny Petitioner's request for counsel.

## RESPONDENT'S MOTION FOR SUMMARY DISMISSAL

**1.     Standards of Law**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Court may also take judicial notice of relevant state court records in

**MEMORANDUM DECISION AND ORDER - 9**

determining whether to dismiss a petition.[1] Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006). Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

Respondent argues that Petitioner's claims are procedurally defaulted. A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise

---

[1]    The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on April 21, 2015. (Dkt. 24.)

**MEMORANDUM DECISION AND ORDER - 10**

insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). The law is clear that, for proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To be an "adequate" state ground, a procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default." *Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003).

**MEMORANDUM DECISION AND ORDER - 11**

**2.     All of Petitioner's Claims Are Procedurally Defaulted**

The simplest manner in which to resolve the exhaustion and procedural default

status of Petitioner's federal claims is to review which claims were raised and addressed

on the merits in the state court appellate proceedings.

On direct appeal, Petitioner argued only that his sentence was excessive under

Idaho state law. He does not bring that claim in his Petition. Moreover, any such claim

would not be a basis for habeas relief, which lies only for errors of *federal* law. *Lewis v.*

*Jeffers*, 497 U.S. 764, 780 (1990); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989)

(per curiam).

On appeal from the denial of his initial postconviction petition, Petitioner argued

only (1) that his trial counsel was ineffective for failing to allow Petitioner to testify or to

file motions to compel production of the victim's knife and a police report that Petitioner

believed existed, and (2) his initial postconviction counsel rendered ineffective assistance

in the state district court. (State's Lodging D-3.) However, when Petitioner filed his

petition for review with the Idaho Supreme Court, he included only the final claim—that

postconviction counsel was ineffective. (State's Lodging D-9.) Petitioner's reference in

his petition for review to trial counsel's alleged refusal to allow Petitioner to testify is

insufficient to properly exhaust that claim, as it was discussed only as support for his

claim that postconviction counsel was ineffective. (*Id.* at 3-5.) *See Rose v. Palmateer*, 395

F.3d 1108, 1112 (9th Cir. 2005) ("Here, although [the petitioner's] Fifth Amendment

claim is related to his claim of ineffective assistance, he did not fairly present the Fifth

Amendment claim to the state courts when he merely discussed it as one of several issues

**MEMORANDUM DECISION AND ORDER - 12**

which were handled ineffectively by his trial and appellate counsel. *While admittedly related, they are distinct claims with separate elements of proof, and each claim should have been separately and specifically presented to the state courts.*" (emphasis added)).

As noted, in his petition for review to the state supreme court, Petitioner did argue that his postconviction counsel was ineffective. That claim is currently set forth in Claim 2.18 of the Petition. However, even though Petitioner raised that claim, it was not *properly* raised, nor was it addressed on the merits by either the court of appeals or the state supreme court. Although neither court discussed its reasoning for failing to rule on that claim, it is overwhelmingly likely the courts refused to reach the claim on the merits because of an independent and adequate state law ground—Idaho appellate courts generally will not consider arguments made for the first time on appeal from the dismissal of a postconviction petition. *See, e.g., LaBelle v. State*, 937 P.2d 427, 433 n.1 (Ct. App. 1997). Petitioner has not shown that this procedural rule was unclear, inconsistently applied, or not well-established at the time of the default. *See Klauser*, 266 F.3d at 1093-94. In addition, even if this claim had been properly raised and addressed on the merits by the Idaho Supreme Court, it is not cognizable in federal habeas corpus.[2] *See Lewis*, 497 U.S. at 780; *Franzen*, 877 F.2d at 26. Thus, even if Claim 2.18 was not procedurally defaulted, it would afford Petitioner no basis for relief.

---

[2]      Though there is no constitutional right to state postconviction counsel, the lack of counsel or ineffective counsel during initial-review collateral proceedings can, under certain circumstances, be asserted as cause to excuse the procedural default of a federal constitutional claim. This is explained more fully in Section 3.A., below.

**MEMORANDUM DECISION AND ORDER - 13**

On appeal from the dismissal of Petitioner's successive postconviction conviction, he similarly limited his argument to errors in the initial and successive state postconviction proceedings—for which a federal court cannot grant habeas relief. Petitioner did not exhaust any of his claims of ineffective assistance of trial counsel, his conflict of interest claim, or his claims that the prosecution withheld favorable evidence and failed to correct false testimony. Further, the claims of error in postconviction proceedings were also procedurally defaulted because the state courts dismissed them on an adequate and independent state procedural ground: Petitioner had not met the requirements for a successive postconviction petition under Idaho Code § 19-4908. (State's Lodging F-6.) Like the procedural rule requiring all arguments on appeal to have been raised first in the lower court, Petitioner has not established that § 19-4908's procedural requirements were unclear or inconsistently applied at the time of Petitioner's default.

Because none of Petitioner's current habeas claims was fairly presented to the Idaho Supreme Court, all those claims are procedurally defaulted.

**3.     Petitioner Has Not Shown Cause and Prejudice, or Actual Innocence, to Excuse the Procedural Default of his Claims**

The Court's conclusion that Petitioner's claims are procedurally defaulted does not end the inquiry. Even if a claim is procedurally defaulted, a federal court can still hear the merits of the claim if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, *see Coleman v. Thompson*, 501 U.S. 722, 731 (1991), or (2) a showing of actual innocence, which

means that a miscarriage of justice will occur if the claim is not heard in federal court, *see Schlup v. Delo*, 513 U.S. 298, 329 (1995).

Neither an assertion of cause and prejudice nor an assertion of actual innocence under *Schlup* is an independent constitutional claim. Rather, these are federal *procedural* arguments that, if sufficiently established by the petitioner, allow a federal court to consider the merits of an otherwise procedurally-defaulted constitutional claim.

### A.    *Cause and Prejudice*

Petitioner argues that cause and prejudice exist to excuse the procedural default of his claim of ineffective assistance of trial and direct appeal counsel claims, as well as his conflict of interest claim, because his initial postconviction counsel was ineffective. (Dkt. 31-1 at 5.)

### i.    Standards of Law

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Cause for a default may exist as a result of ineffective assistance of counsel ("IAC"). For example, the failure on appeal to raise a meritorious claim of trial error may render that claim procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452

**MEMORANDUM DECISION AND ORDER - 15**

(2000) ("[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice."). However, for ineffective assistance of direct appeal counsel ("IADAC") to serve as cause to excuse a default, that IADAC claim must itself have been separately presented to the state appellate courts. *Id.* at 451 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.") If the ineffective assistance asserted as cause was not fairly presented to the state courts, a petitioner must show that an excuse for that separate default exists, as well.[3]

Because a petitioner does not have a federal constitutional right to the effective assistance of counsel during state postconviction proceedings, the general rule is that any errors of counsel during a *postconviction* action (as opposed to a direct appeal) cannot serve as a basis for cause to excuse a procedural default. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993); *Coleman*, 501 U.S. at 752. However, in 2012 the Supreme Court worked a "remarkable" equitable change in the law governing procedurally defaulted IAC. *See Lopez v Ryan*, 678 F.3d 1131, 1136 (9th Cir. 2012).

In *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), the Supreme Court altered the long-standing prohibition that postconviction counsel's ineffectiveness could not be used to excuse the procedural default of a claim. In effect, *Martinez* created the potential for an

---

[3]    To the extent Petitioner argues that the procedural default of his *Brady* claim, or his claim that the prosecution failed to correct false testimony, was caused by ineffective assistance of direct appeal counsel, his argument fails because no such ineffectiveness claim was fairly presented to the Idaho Supreme Court. *See Edwards*, 529 U.S. at 451.

**MEMORANDUM DECISION AND ORDER - 16**

exception to the overall ban on new evidence in § 2254 actions that was pronounced in *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011) (interpreting the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)). *Martinez* makes it possible for procedurally defaulted ineffective assistance of trial counsel claims to be heard de novo, with new supporting evidence, on federal habeas corpus review. *See Dickens v. Ryan*, 740 F.3d at 1320 ("We reject any argument that *Pinholster* bars the federal district court's ability to consider Dickens's 'new' IAC claim. . . . *Pinholster* says nothing about whether a court may consider a 'new' claim, based on 'new' evidence not previously presented to the state courts.").

The Ninth Circuit has concluded that the *Martinez* exception applies not only to underlying claims of ineffective assistance of trial counsel ("IATC"), but also to claims of ineffective assistance of direct appeal counsel ("IADAC"), *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1293-94 (9th Cir. 2013), and claims that counsel was laboring under a conflict of interest, *Pizzuto v. Ramirez*, 783 F.3d 1171, 1178 (9th Cir. 2015). The *Martinez* exception applies only to claims that are exhausted *and* procedurally defaulted.

In *Trevino v. Thaler*, the Supreme Court described and clarified the *Martinez* cause and prejudice test as consisting of four necessary prongs: (1) the underlying claim of ineffective assistance of counsel must be a "substantial" claim; (2) the "cause" for the procedural default consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" collateral review proceeding where the ineffective assistance of trial counsel claim could have been brought; and (4) state law requires that an ineffective

**MEMORANDUM DECISION AND ORDER - 17**

assistance of counsel claim be raised in an initial-review collateral proceeding, or by "design and operation" such claims must be raised that way, rather than on direct appeal. 133 S. Ct. 1911, 1918, 1921 (2013).

The failure to meet any of these four prongs means that the *Martinez* exception is unavailable to excuse the procedural default of a claim. *See Martinez*, 132 S. Ct. at 1319.

a)  *First Prong of* Martinez*: Substantiality of Underlying IAC Claim*

To be entitled to application of the *Martinez* exception, a petitioner must bring forward facts demonstrating that his ineffective assistance of counsel claim is substantial. The United States Supreme Court has defined "substantial" as a claim that "has some merit." *Martinez*, 132 S. Ct. at 1318 (comparing the standard for certificates of appealability from *Miller-El v. Cockrell*, 537 U.S. 322 (2003)). Stated inversely, a claim is "*in*substantial" if "it does not have any merit or . . . is wholly without factual support." *Id.* at 1319.

Determining whether an IAC claim is substantial requires a federal court to examine the claim under *Strickland v. Washington*, 466 U.S. 668 (1984). A petitioner asserting ineffective assistance of counsel under *Strickland* must show that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) counsel's errors "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687.

**MEMORANDUM DECISION AND ORDER - 18**

Under the first *Strickland* prong, whether an attorney's performance was deficient is judged against an objective standard of reasonableness. *Id.* at 687-88. A reviewing court's inquiry into the reasonableness of counsel's actions must not rely on hindsight:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

*Id.* at 689 (internal citations and quotation marks omitted).

Strategic decisions, such as the choice of a defense or which witnesses or other evidence to present, "are virtually unchallengeable" if "made after thorough investigation of law and facts relevant to plausible options." *Id.* at 690. Moreover, an attorney who decides not to investigate a particular theory or issue in the case is not ineffective so long as the decision to forego investigation is itself objectively reasonable. *Id.* at 690-91.

If a petitioner shows that counsel's performance was deficient, the next step in the *Strickland* inquiry is the prejudice analysis. "An error by counsel, even if professionally

**MEMORANDUM DECISION AND ORDER - 19**

unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. To satisfy the prejudice standard, a petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is defined as a "probability sufficient to undermine confidence in the outcome." *Id.* As the *Strickland* Court instructed:

> In making [the prejudice] determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.

*Id.* at 695-96.

These standards from *Strickland* for determining deficient performance and prejudice are, of course, the standards for an eventual review of the merits of the underlying IAC claim. The question whether an IAC claim is substantial under *Martinez* is not the same as a merits review; rather, it is more akin to a preliminary review of a *Strickland* claim for purposes of determining whether a certificate of appealability should issue. *See Martinez*, 132 S. Ct. at 1318-19. Therefore, a court may conclude that a claim

is substantial when a petitioner has shown that resolution of the merits of the *Strickland*

claim would be "debatable amongst jurists of reason" or that the issues presented are

"adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336

(internal quotation marks omitted). Thus, to determine whether a claim is substantial,

*Martinez* requires the district court to *review* but not *determine* whether trial or appellate

counsel's acts or omissions resulted in deficient performance and in a reasonable

probability of prejudice, and to *determine* only whether resolution of the merits of the

IAC claim would be debatable among jurists of reason and whether the issues are

deserving enough to encourage further pursuit of them.

> b)   *Second Prong of* Martinez*: Ineffective Assistance of PCR Counsel*

In addition to showing that the underlying IAC claim is substantial, a petitioner

seeking to invoke the *Martinez* exception must also show either that he had no counsel on

initial postconviction review, or that his PCR counsel was "ineffective under the

standards of *Strickland*." 132 S. Ct. at 1318. Again, "ineffectiveness" is a term defined by

*Strickland* as (1) deficient performance and (2) a reasonable probability of prejudice

caused by the deficient performance. 466 U.S. at 694, 700.

Not just any error or omission of PCR counsel will be deemed "deficient

performance" that will satisfy *Martinez*. If the PCR "attorney in the initial-review

collateral proceeding did not perform below constitutional standards," the PCR attorney's

performance does not constitute "cause." *Martinez*, 132 S. Ct. at 1319. The *Strickland*

standards for analyzing deficient performance set forth above apply with equal force to

**MEMORANDUM DECISION AND ORDER - 21**

PCR counsel in the context of a *Martinez* argument. Importantly, PCR counsel "is not necessarily ineffective for failing to raise even a nonfrivolous claim." *Sexton v. Cozner*, 679 F.3d 1150, 1157 (9th Cir. 2012). If PCR counsel's performance is deficient, then the court must consider whether that performance was prejudicial under *Strickland*. *Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014).

As to the prejudice aspect of the second *Martinez* prong, the petitioner must show a reasonable probability that, if PCR counsel had not performed deficiently, the result of the postconviction proceedings would have been different. *Id.* (cumulating all opinions from *Detrich v. Ryan*, 740 F.3d 1237 (9th Cir. 2013)). That determination "is necessarily connected to the strength of the argument that trial counsel's assistance was ineffective." *Id.* at 377-78.[4]

    c)    *Third Prong of* Martinez*: Initial State Collateral Review Proceeding*

The third prong of the *Martinez* test is that the state collateral review proceeding in which the underlying IAC claim was defaulted must have been the "initial" post-conviction review proceeding where the IAC claim could have been raised. *Trevino*, 133 S. Ct. at 1918. The *Martinez* exception "does not extend to attorney errors in any

---

[4]    The inquiries involved in the first and second *Martinez* prongs will, at times, collapse into one. *Clabourne*, 745 F.3d at 382 ("Under the circumstances of this case, if [the petitioner] succeeds in demonstrating that he was prejudiced by the failure of his post-conviction counsel, he will necessarily have established that there is at least 'some merit' to his claim that he suffered ineffective assistance of trial counsel at resentencing."). The Court may address either inquiry first, and the resolution of one prong may obviate the need to address the other. *See Martinez*, 132 S. Ct. at 1319 ("When faced with the question whether there is cause for an apparent default, a State may answer that the ineffective-assistance-of-trial-counsel claim is insubstantial, i.e., it does not have any merit or that it is wholly without factual support, or that the attorney in the initial-review collateral proceeding did not perform below constitutional standards.").

**MEMORANDUM DECISION AND ORDER - 22**

proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance." *Martinez*, 132 S. Ct. at 1320. In other words, the post-conviction proceeding must have been "the equivalent of a prisoner's direct appeal" for the IAC claim. *Martinez*, 132 S. Ct. at 1317. A petitioner may not use as cause attorney error that occurred in "appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." 132 S. Ct. at 1320.

> d)      *Fourth Prong of* Martinez*: State Law Treatment of IAC Claims*

The fourth prong of the *Martinez* analysis is that state law must require (by law or by reason of design and operation) that an ineffective assistance of trial counsel or appellate counsel claim be raised in an initial-review collateral proceeding. *Trevino*, 133 S. Ct. at 1918, 1921. Therefore, *Martinez* applies in Idaho where the post-conviction setting was the first forum in which the ineffective assistance of trial counsel claim based on matters arising outside the record could have been brought and developed in an evidentiary hearing. *See Matthews v. State*, 839 P.2d 1215, 1220 (Idaho 1992) (recognizing that in Idaho the post-conviction setting is the "preferred forum for bringing claims of ineffective assistance of counsel," though in limited instances such claims may be brought on direct appeal "on purported errors that arose during the trial, as shown on the record").

**MEMORANDUM DECISION AND ORDER - 23**

ii.     Petitioner Has Not Established That his Initial Postconviction
        Counsel Was Ineffective

The Court need not consider whether Petitioner's underlying IAC claims are

substantial, because Petitioner's *Martinez* argument fails at step two: Petitioner has not

shown that his initial PCR counsel rendered ineffective assistance.

According to Petitioner, postconviction counsel was ordered by the state district

court to amend the initial postconviction petition but failed to do so. (Dkt. 31-1 at 8.)

However, the record reveals that the court actually instructed counsel to file an amended

postconviction petition "*if necessary to comply with the statute and rules.*" (State's

Lodging C-1 at 102) (emphasis in original).) Petitioner has not shown that his initial pro

se petition violated the Idaho Uniform Postconviction Procedures Act or the rules of the

court. Thus, counsel was not required to amend it. Moreover, postconviction counsel

clearly took steps consistent with adequate representation; counsel filed briefing with the

court that supported Petitioner's postconviction claims with argument and authority.

(State's Lodging C-1 at 258-64.) That counsel was unsuccessful does not equate to

ineffective assistance.

Aside from the bare—and incorrect—allegation that PCR counsel was required to

amend the initial postconviction petition, Petitioner has offered nothing to support a

reasonable inference that had PCR counsel acted differently, the result of the initial

postconviction proceedings would have been different. Therefore, cause and prejudice do

not exist to excuse the default of Petitioner's claims.

**MEMORANDUM DECISION AND ORDER - 24**

## B.      Actual Innocence

As explained above, if a petitioner cannot show cause and prejudice for a procedural default, he can still bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice," which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent.[5] *Murray v. Carrier*, 477 U.S. at 496. Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A procedurally defaulted claim may be heard under the miscarriage of justice exception only if "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [Petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, it must be more likely than not that *every* reasonable juror would vote to acquit.

This is an extremely demanding standard that "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). A court considering whether a petitioner has established actual innocence must consider "all the evidence, old

---

[5]      Petitioner does not explicitly assert actual innocence as an excuse for the procedural default of his claims, but because Petitioner claims he acted in self-defense when he injured the victim, the Court has considered the issue nonetheless.

**MEMORANDUM DECISION AND ORDER - 25**

and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653

F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). The actual

innocence "does not turn on discrete findings regarding disputed points of fact, and '[i]t

is not the district court's independent judgment as to whether reasonable doubt exists

that the standard addresses.'" *House v. Bell*, 547 U.S. 518, 539-40 (2006) (quoting

*Schlup*, 513 U.S. at 329 (alteration in original)). Rather, the court must "make a

probabilistic determination about what reasonable, properly instructed jurors would do."

*Schlup*, 513 U.S. at 329.

After careful review of the entire record, the Court concludes that Petitioner has

not brought forth sufficient credible evidence to meet the extraordinarily stringent burden

of showing actual innocence. Thus, the miscarriage of justice exception to procedural

default is not available to Petitioner.

## CONCLUSION

Petitioner's claims are all procedurally defaulted, and Petitioner has not

established an excuse for that default. Therefore, the Petition must be dismissed with

prejudice.

## ORDER

**IT IS ORDERED:**

1.      Petitioner's request for appointment of counsel (Dkt. 31-2) is DENIED.

2.      Respondent's Motion for Extension of Time (Dkt. 32) is GRANTED.

        Respondent's Reply in Support of the Motion for Summary Dismissal (Dkt.

        34) is deemed timely.

**MEMORANDUM DECISION AND ORDER - 26**

3.      Respondent's Motion for Summary Dismissal (Dkt. 25) is GRANTED, and

the Petition is DISMISSED with prejudice.

4.      The Court does not find its resolution of this habeas matter to be reasonably

debatable, and a certificate of appealability will not issue. *See* 28 U.S.C.

§ 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a

timely notice of appeal with the Clerk of Court. Petitioner may seek a

certificate of appealability from the Ninth Circuit by filing a request in that

court.

DATED: **December 22, 2015**

_____
Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 27**